Louis Evan **KLINE**, a minor by his father and next friend, Stanley J. **KLINE, Plaintiff-Appellant,**

v.

Robert **JORDAN, Defendant-Appellee.**

Court of Appeals of Tennessee, Western Section at Jackson.

Nov. 27, 1984.

Permission to Appeal Denied by Supreme Court Jan. 28, 1985.

Terry D. Smart and Stanley J. Kline, Memphis, for plaintiff-appellant.

Albert T. McRae and O. Douglas Shipman, Memphis, for defendant-appellee.

HIGHERS, Judge.

This is an appeal from a summary judgment in favor of the defendant. For the reasons set forth below, we affirm the judgment.

In 1974, Louis Evan Kline was enrolled in the Atypical Infant Stimulation Program of the University of Tennessee Child Development Center. At that time his parents signed a written consent form permitting the child to be observed, photographed and filmed while he was "being interviewed, tested, examined, or otherwise evaluated and/or treated by the members of the Child Development Center professional staff, and their assistants, or their designees."

In August 1976, the child was enrolled in the United Cerebral Palsy Day Training Center which was administered by the Child Development Center. Another consent form was executed at this time by the father of the child. This form was identical to the previous form and was headed with the words "CHILD DEVELOPMENT CENTER."

The child, Louis Evan Kline, attended Handicappers, Inc. Day Training Center (the successor-name of the United Cerebral Palsy Day Training Center), and on January 11, 1978, he injured his lip. The director of the program at first called the pediatrician to examine the wound. Upon closer examination she determined that it

was a minor injury and that it was not necessary for a medical examination. She thereafter had a conversation with the mother of the child and made the following entry in the progress notes:

Mrs. Kline called to apologize for "abrupt tone of voice," but asked in the future we have Louis checked by a pediatrician no matter how minor the injury.

On May 7, 1979, the child received a head injury while at the Handicappers school, allegedly due to abuse by a member of the staff. The child was immediately seen by Dr. Soto Vera. On May 22, 1979, the defendant, Dr. Robert Jordan, the director of the Child Development Center, who had been away at the time of the incident, examined the child. His examination consisted of looking at the bruise on the child's head and running his finger over the contusion to check for swelling. Dr. Jordan testified:

Q. Did you touch him?

A. As I recall I think I ran my index finger, just felt across it to see if there was any swelling there.

Q. The purpose for touching him was what?

A. To see if there was any swelling.

Q. Did you otherwise touch Louis Evan Kline?

A. No, I did not.

Q. Did he say anything or respond when you touched him?

A. No, he didn't. It didn't seem to bother him in any way at all.

Q. Then what did you do, Doctor?

A. That was all. I just dismissed him.

It is the contention of the plaintiff that this examination by Dr. Jordan constitutes an assault and battery. Both parties maintain that there are no genuine material issues of fact. Each, however, argues that summary judgment should be granted in his favor.

■ For a cause of action for assault and battery to arise, there must be an absence of consent. *Ray v. Scheibert,* 484 S.W.2d 63 (Tenn.App.1972). Consent may appear from the circumstances, so that if there was some manifestation of consent upon which the defendant could reasonably rely, he would not be liable. As Prosser has stated, "[c]onsent to an act is simply willingness that it shall occur. Actual willingness, established by competent evidence, will prevent liability; and, if it can ever be proved, will no doubt do so even though the plaintiff has done nothing to manifest it to the defendant. But the converse is also true, that a manifestation of consent, upon which the defendant may reasonably rely, will be equally effective even though there is no willingness in fact. In our society we must perforce rely upon the overt words and acts of others, rather than upon their undisclosed minds. Consent may therefore be manifested by words. The defendant is entitled to rely upon what any reasonable man would understand from the plaintiff's conduct." W. Prosser, *The Law of Torts,* § 18 (4th ed., 1971).

■ The record is clear that Dr. Jordan, as director of the Child Development Center, was responsible for all of the children enrolled in its program, including the Handicappers program. When Dr. Jordan conducted his examination in May 1979, he was aware of the consent forms signed by the Klines and of Mrs. Kline's oral consent of January 1978. Dr. Jordan further stated, in his deposition, that his responsibility had been explained to the families during orientation. Under the circumstances, we believe that he had a reasonable basis to believe that he had consent to examine the child as he did. Nothing in the record contradicts the reasonableness of his actions.

The order granting summary judgment for the defendant is, therefore, affirmed and costs are taxed against the plaintiff-appellant.

NEARN, P.J. (W.S.), and BROOKS McLEMORE, Special Judge, concur.