IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 03, 2014

**SHEMEKA METIN IBRAHIM v. MURFREESBORO MEDICAL CLINIC SURGI CENTER, ET AL.**

**Appeal from the Circuit Court for Rutherford County**
**No. 65489     Royce Taylor, Judge**

_____

**No. M2013-00631-COA-R3-CV - Filed October 17, 2014**

_____

The trial court dismissed *sua sponte* Plaintiff's healthcare liability and fraud claims for failure to state a claim for which relief can be granted.  It accordingly dismissed her motions to continue for the purpose of retaining counsel as moot, and denied her motion to recuse.  We reverse denial of Plaintiff's motions for continuance, vacate dismissal of her action for failure to state a claim, affirm denial of her motion to recuse, and remand for further proceedings consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated in Part; Affirmed in Part; Reversed in Part; and Remanded**

ARNOLD B. GOLDIN, J.,  delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

Shemeka Metin Ibrahim, *Pro Se*.

Phillip North and Renee Levay Stewart, Nashville, Tennessee, for the appellees, Murfreesboro Medical Surgi Center, Andrew H. Ford, M.D., Karen W. Butler, Reita Agarwal, M.D., Sangeetha McCollum, and Good Health Associates, PLLC.

**OPINION**

This appeal arises from the *sua sponte* dismissal of Plaintiff's action for failure to state a claim by the Circuit Court for Rutherford County.  Plaintiff/Appellant Shemeka Ibrahim ("Ms. Ibrahim"), proceeding *pro se*,[1] commenced this lawsuit on October 23, 2012,

_____

[1]Ms. Ibrahim proceeded *in forma pauperis* in the trial court and on appeal.

by filing a sixty-page initial complaint styled "Motions for Medical Negligent & Medical Malpractice Complaint with State of Limitations Continuum of Care Doctrine." Shortly thereafter, on November 7, 2012, Ms. Ibrahim filed an amended pleading styled "First Amended Motions for Medical Negligent & Medical Malpractice Complaint with State of Limitations Continuum of Care Doctrine." In her sixty-four page amended complaint (hereinafter, "complaint"), Ms. Ibrahim asserted numerous allegations of wrong-doing on the part of a number of individuals and entities.[2]

In December 2012, Stephanie Hatchett and Joseph Peay filed motions to quash summonses served on them, asserting that they were not proper parties to the action. Named Defendants Murfreesboro Medical Clinic and Andrew Hunter Ford, M.D., ("Dr. Ford") filed a motion for more definite statement and motion to strike. On January 2, 2013, Jennifer Wilson, Betty Rose, and Karen Butler joined in the motion for more definite statement and motion to strike. On January 10 and 15, 2013, Ms. Ibrahim filed identical motions seeking to continue the matter in light of her medical ailments and in order to allow her to retain legal counsel. Ms. Ibrahim asserted in her motions that she was diagnosed with a "[j]aw bone tumor," was in pain, and needed time to "rest" to recuperate. On January 15, Ms. Ibrahim also filed a pleading styled "Amended Motion for Correction of Heading & to Substitute the First Page of the Complaint." In her motion to correct, Ms. Ibrahim named "Murfreesboro Medical Clinic Surgi Clinic PA & Dr. Andrew Hunter Ford et al[,] Karen W. Butler[,] Betty Rose[,] Jennifer Wilson[,] and Good Health Associates[,] Sangeetha (spelling) McCollum (spelling)[,] & Dr. Reita Agarwal" as Defendants. She also reiterated her request for a "delay" to allow "her lawyer when she get[s] one" to make corrections.

The motions to quash and motions for a more definite statement and to strike were heard by the trial court on January 16, 2013. At the hearing, Ms. Ibrahim agreed that Joseph Peay and Stephanie Hatchett were not proper Defendants. By order entered January 24, 2013, the trial court *sua sponte* dismissed Ms. Ibrahim's action without prejudice. In its order, the trial court stated that it found Ms. Ibrahim's complaint "devoid of sufficient facts to state a claim for which relief can be granted." The trial court further stated that Ms. Ibrahim's complaint was "woefully deficient" in light of the pleading standards contained in Tennessee Rules of Civil Procedure 8 and 9, and was "incapable of being cured by an

---

[2]In their brief, Defendants/Appellees assert that it is unclear who Ms. Ibrahim intended to name as Defendants in her complaint. They further assert that she failed to comply with the mandates of Tennessee Rule of Civil Procedure 10.01, which requires a plaintiff to list each defendant in the caption of the complaint. We agree that it appears that Ms. Ibrahim failed to comply with Rule 10.01, and observe that Ms. Ibrahim conceded in the trial court that a number of individuals were not, in fact, proper parties. In Appellees' brief, Murfreesboro Medical Clinic; Andrew H. Ford, M.D.; Karen W. Butler; Sangeetha McCollum; Reita Agarwal, M.D. and/or Good Health Associates assert that they are the proper Appellees.

amendment." The trial court also concluded that Ms. Ibrahim had failed to comply with the notice requirements contained in Tennessee Code Annotated § 29-26-121 and the certificate of good faith requirements contained in Tennessee Code Annotated § 29-26-122. Upon dismissing Ms. Ibrahim's action, the trial court denied her motion for a continuance and for an extension of time to obtain legal counsel as moot. Ms. Ibrahim filed a timely notice of appeal. The matter was assigned on briefs to the Western Section of this Court on September 3, 2014.

## ISSUES PRESENTED

The issues raised by Ms. Ibrahim on appeal, as we perceive and reword them, are:

1. Whether the trial court erred by dismissing Ms. Ibrahim's action *sua sponte* for failure to state a claim for which relief can be granted.
2. Whether the trial court erred by denying Ms. Ibrahim's motion for a continuance and motion for extension of time to obtain legal counsel.
3. Whether the trial court erred by denying Ms. Ibrahim's motion to recuse.
4. Whether the trial court erred by allowing the court clerk to assess certain fees against Ms. Ibrahim.

## STANDARD OF REVIEW

Our review of the findings of fact by a trial court sitting without a jury is *de novo* upon the record, with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *e.g.*, *Allstate Ins. Co. v. Tarrant*, 363 S.W.3d 508, 515 (Tenn. 2012). We review the trial court's conclusions of law *de novo*, however, with no presumption of correctness. *E.g.*, *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012).

## DISCUSSION

We first turn to whether the trial court erred by denying Ms. Ibrahim's motion for a continuance and extension of time to allow her to obtain legal counsel to clarify her claims and pleadings. The grant or denial of a motion for a continuance is within the sound discretion of the trial court. *Blake v. Plus Mark, Inc.*, 952 S.W.2d 413, 415 (Tenn. 1997) (citation omitted). On appeal, we will not disturb the trial court's ruling absent an abuse of discretion and prejudice to the party moving for a continuance. *Id.* The abuse of discretion standard does not "immunize" the trial court "from any meaningful appellate scrutiny[,]" however. *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citation omitted). When exercising its discretion, the trial court must take into account the relevant facts and applicable law. *Id.* Under the abuse of discretion standard of review, we will set aside the

trial court's decision only where it applied an incorrect legal standard, reached a decision that was illogical or unreasonable, based its "decision on a clearly erroneous assessment of the evidence," or where "the decision uses reasoning that works an injustice on the complaining party." *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 553-54 (Tenn. 2013) (citations omitted).

In this case, the trial court dismissed Ms. Ibrahim's complaint in its entirety upon construing it as "woefully deficient and incapable of being cured by an amendment." Although we agree with the trial court that Ms. Ibrahim's complaint is neither artful nor in compliance with the Tennessee Rules of Civil Procedure, we note that Ms. Ibrahim moved for a continuance for the express purpose of retaining an attorney to assist her to clarify her claims. We also observe that only four months elapsed between the filing of Ms. Ibrahim's original complaint and the trial court's order of dismissal; that the only hearing in this matter was a hearing on motions to quash, for a definite statement, and to strike; that no Defendant answered Ms. Ibrahim's complaint or filed a motion to dismiss; and that Ms. Ibrahim's motion for a continuance to retain counsel was before the trial court when it heard the motions in January 2013. Accordingly, not withstanding the lack of clarity in Ms. Ibrahim's *pro se* complaint, we must respectfully disagree with the trial court's conclusion that the complaint was necessarily "incapable of being cured" should Ms. Ibrahim retain legal counsel. Therefore, to the extent that the trial court dismissed Ms. Ibrahim's motion as moot, we reverse in light of our following discussion of the trial court's *sua sponte* dismissal of the action for failure to state a claim. We reverse and remand on this issue, with instructions to grant Ms. Ibrahim's prayer for a reasonable time in which to retain legal counsel to pursue her action consistent with this Opinion.

We turn next to Ms. Ibrahim's assertion that the trial court erred in dismissing her action for failure to state a claim for which relief can be granted. When reviewing a trial court's dismissal of a complaint for failure to state a claim under Rule 12.02(6) of the Tennessee Rules of Civil Procedure, we "must take the factual allegations contained in the complaint as true and review the trial court's legal conclusions *de novo* without giving any presumption of correctness to those conclusions." *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000) (citation omitted). Dismissal is not appropriate "unless it appears that there are no facts warranting relief." *Highwoods Properties, Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009) (citation omitted). When deciding whether to dismiss a matter for failure to state a claim, the court must "construe the complaint liberally, presume that all factual allegations are true and give the plaintiff the benefit of all reasonable inferences." *Cullum v. McCool*, 432 S.W.3d 829, 832 (Tenn. 2013). Dismissal is appropriate only if "it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief[.]" *Id.* The inquiry is not on "the strength of the plaintiff's proof or evidence[,]" but on "only the legal sufficiency of the complaint."

*Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). Tennessee jurisprudence "reflects the principle that this stage of the proceedings is particularly ill-suited for an evaluation of the likelihood of success on the merits or of the weight of the facts pleaded, or as a docket-clearing mechanism." *Id.* at 437. Although a trial court has the authority to dismiss a complaint for failure to state a claim on the court's own motion, the practice is not encouraged. *Huckeby v. Spangler*, 521 S.W.2d 568, 571 (Tenn. 1975). Our review of the trial court's decision is *de novo*, with no presumption of correctness. *Cullum*, 432 S.W.3d at 832.

Ms. Ibrahim's complaint was certainly not a model of clarity. Interpreting it liberally, however, it asserted three claims: professional negligence on the part of a number of healthcare providers, the failure to provide informed consent by named Defendant Dr. Ford, and fraud on the part of Dr. Ford, who Ms. Ibrahim alleged tampered with her medical records.[3] Claims asserting lack of informed consent and medical negligence constitute healthcare liability claims as defined by Tennessee Code Annotated § 29-26-101(a)(1) (2012). *See Thurmond v. Mid-Cumberland Infectious Disease Consultants, PLC*, 433 S.W.3d 512 (Tenn. 2014); *Moses v. Dirghangi*, 430 S.W.3d 371, 380 (Tenn. Ct. App. 2013).

---

[3]Although Ms. Ibrahim used the term "medical battery" in her complaint, her factual allegations are properly characterized as asserting a claim based on the failure to provide informed consent. A claim for lack of informed consent arises when a healthcare professional does not fully inform or convey the appropriate information about a procedure that he/she intends to perform. *Hinkle v. Kindred Hosp.*, M2010-02499-COA-R3-CV, 2012 WL 3799215, at *16 (Tenn. Ct. App. Aug. 31, 2012), *perm. app. denied* (Dec. 10, 2013). Although the claim "is predicated upon a theory of battery[,]" because it "involves matters of medical science and requires specialized skills not ordinarily possessed by lay persons[,]" it is governed by the healthcare liability statutes, formerly known as the Medical Malpractice Act. *Bryant v. HCA Health Servs. of N. Tenn., Inc.*, 15 S.W.3d 804, 808 (Tenn. 2000). We have noted that, "[a]s a practical matter, the difference between a claim for failure to obtain informed consent and a claim for medical battery comes down to the type of proof required to establish each claim. But regardless of the label, liability can attach for any injuries arising from a treatment or procedure performed without adequate consent, whether or not those injuries resulted from negligent performance of that procedure." *Hinkle*, 2012 WL 3799215, at *16 (citing *Shadrick v. Coker*, 963 S.W.2d 726, 732 (Tenn. 1998); *Hawk v. Chattanooga Orthopaedic Group, P.C.*, 45 S.W.3d 24, 32 (Tenn. Ct. App. 2000); *Church v. Perales*, 39 S.W.3d 149, 159 (Tenn. Ct. App. 2000)). The failure to provide informed consent must be established by expert proof. Tenn. Code Ann. §§ 29-26-118, 29-26-115(b)(2012).

We also note that Ms. Ibrahim attempted to assert a loss of consortium claim on behalf of her husband, Metin Ibrahim ("Mr. Ibrahim"). A non-lawyer *pro se* litigant may only act on his or her own behalf. *Humphreys v. Breakstone*, No. W1999-02502-COA-R3-CV, 2001 WL 99570, at *3 (Tenn. Ct. App. Jan. 30, 2001). As far as we are able to ascertain from the record, Mr. Ibrahim did not file a *pro se* action, he did not sign or join Ms. Ibrahim's complaint, and he did not retain counsel to represent him. Loss of consortium "is a distinct cause of action vested solely in the spouse." *Hunley v. Silver Furniture Mfg. Co.*, 38 S.W.3d 555, 557 (Tenn. 2001) (citation omitted). Ms. Ibrahim cannot assert a loss of consortium claim on her husband's behalf.

Accordingly, those claims are subject to the notice requirements prescribed by Tennessee Code Annotated § 29-26-121 (2012) and the certificate of good faith requirements prescribed by Tennessee Code Annotated § 29-26-122 (2012). *Id.* Upon review of the record, we agree with the trial court that it does not appear that Ms. Ibrahim complied with the mandates of either section.

We note, however, that Section 121(b) provides the trial court with the discretion to excuse compliance for extraordinary cause shown. Tenn. Code Ann. § 29-26-121(b). Section 122 permits the trial court to grant a plaintiff's motion for extension of time if it determines that a healthcare provider has failed to timely produce medical records. Tenn. Code Ann. § 29-26-122(c).[4] As noted above, the trial court dismissed Ms. Ibrahim's complaint following a hearing on various motions to quash and strike; no Defendant filed an answer or motion to dismiss; and Ms. Ibrahim sought a continuance for the express purpose of retaining legal counsel. At the January 2013 hearing in the trial court, Ms. Ibrahim asserted that she was extremely ill when drafting her pleadings. She also asserted that Dr. Ford put various medical records "in the trash can." Without opining on the merits of Ms. Ibrahim's claims or potential defenses, we hold that dismissal of Ms. Ibrahim's action for failure to state a claim was premature in light of the procedural posture of this matter and our disposition of her issue with respect to the dismissal of her motion to continue in order to obtain legal counsel. We accordingly vacate that part of the trial court's judgment dismissing Ms. Ibrahim's healthcare liability claim and her fraud claim for failure to state a claim.

---

[4]We note that the Tennessee Supreme Court has opined that the differences contained in Tennessee Code § 29-26-121 and § 29-26-122 indicate that the legislature intended the sections "to function differently." *Stevens ex rel. Stevens v. Hickman Cmty. Health Care Servs., Inc.*, 418 S.W.3d 547, 560 (Tenn. 2013). As the *Stevens* court noted, Section 121 does not mandate that dismissal for failure to comply with the section be with prejudice. *Id.* Further, Section 29-26-121(b) authorizes the court to exercise its discretion to excuse compliance with the section "for extraordinary cause shown." Tenn. Code Ann. § 29-26-121(b). Section 122, on the other hand, provides that a plaintiff's failure to file a certificate of good faith as required by the section "shall, upon motion, make the action subject to dismissal with prejudice." Tenn. Code Ann. § 29-26-122(c). Like Section 121, Section 122 permits the trial court, "upon motion," to "grant an extension of time within which to file a certificate of good faith if the court determines that a healthcare provider who had medical records relevant to the issues in the case has failed to timely produce medical records upon timely request[.]" *Id.* The section also permits the court to grant an extension of time "for other good cause shown." *Id.* Absent the grant of an extension of time, dismissal for failure to comply with Section 122 must be with prejudice. *Stevens*, 418 S.W.3d at 560 (stating: "If the legislature had intended to punish a plaintiff's failure to comply with the requirements of Tenn. Code Ann. § 29–26–121(a)(2)(E) by requiring courts to dismiss all such cases with prejudice, the legislature could easily have done so, as it did in Tenn. Code Ann. § 29–26–122. Thus, we can only interpret the legislature's failure to mandate the same remedy for Tenn. Code Ann. § 29–26–121(a)(2)(E) violations as an indication that dismissal with prejudice for such violations is not compulsory.").

We next turn to Ms. Ibrahim's assertion that the trial court erred by denying her motion to recuse, which she filed more than ten months after the trial court's January 2013 order of dismissal.[5] On appeal, we review a trial court's denial of a motion to recuse *de novo*. Tenn. Sup. Ct. R. 10B, § 2.06; *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012). When a party challenges a judge's impartiality, he or she "'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Eldridge v. Eldridge*, 137 S.W.3d 1, 7 (Tenn. Ct. App. 2002) (quoting *Davis v. Dep't of Employment Sec.*, 23 S.W.3d 304, 313 (Tenn. Ct. App. 1999)). Having reviewed the record before us and Ms. Ibrahim's motion for recusal, we observe that Ms. Ibrahim failed to present a factual basis upon which the trial judge's impartiality may reasonably be questioned by an objective third party. Discerning no error, we affirm.

We next turn to Ms. Ibrahim's assertion that the trial court erred by allowing the trial court clerk to charge her for certain summons fees, copy fees, and sheriff's fees. It appears from the record before us that Ms. Ibrahim did not raise this issue in the trial court. It is well-settled that issues not raised in the trial court cannot be raised for the first time on appeal. *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009). We accordingly decline to address this issue further.

We turn finally to Appellees' assertion in their brief that this appeal should be dismissed where Ms. Ibrahim did not comply with several of the Tennessee Rules of Appellate Procedure. As Appellees observe, this argument has been "ongoing[,]" and we have denied multiple motions to dismiss this appeal. We again respectfully deny Appellees' request for dismissal of Ms. Ibrahim's appeal.

## HOLDING

In light of the foregoing, we affirm dismissal of Ms. Ibrahim's action against Joseph Peay and Stephanie Hatchett where Ms. Ibrahim conceded in the trial court that they are not proper parties. We vacate the trial court's judgment dismissing Ms. Ibrahim's healthcare liability action against the remaining Defendants and her fraud claim against Dr. Ford. We reverse the trial court's judgment denying Ms. Ibrahim's motion to continue, and affirm the trial court's judgment denying Ms. Ibrahim's motion for recusal. This matter is remanded to the trial court with instructions to provide Ms. Ibrahim with a reasonable time within which to retain legal counsel in order to clarify her complaint, and for further proceedings consistent with this Opinion. Upon remand, the trial court may order Ms. Ibrahim to name

---

[5]The trial judge adjudicated Ms. Ibrahim's motion to recuse incident to his consideration of a motion to supplement the appellate record filed under Tennessee Rule of Appellate Procedure 24.

each Defendant in the title of her amended complaint in compliance with Rule 10.01 of the Tennessee Rules of Civil Procedure. Any remaining issues are pretermitted as unnecessary in light of our disposition of this matter. Costs on appeal are taxed one-half to the Appellees, Murfreesboro Medical Clinic; Andrew H. Ford, M.D.; Karen W. Butler; Sangeetha McCollum; Reita Agarwal, M.D.; and Good Health Associates, and one-half to the Appellant, Shemeka Ibrahim. Because Ms. Ibrahim is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

_____
ARNOLD B. GOLDIN, JUDGE