**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 26, 2017[*]
Decided May 26, 2017

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-3308

| | |
|---|---|
| RONNIE F. NICHOLSON, JR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 16-cv-310-PP |
| SCOTT ECKSTEIN and BRIAN MILLER, *Defendants-Appellees*. | Pamela Pepper, *Judge*. |

**O R D E R**

Wisconsin inmate Ronnie Nicholson claims in this lawsuit under 42 U.S.C. § 1983 that two prison employees violated his First Amendment right of access to the courts by confiscating papers needed to file a lawsuit concerning his incarceration in Tennessee in 1999. The district court dismissed the complaint at screening, *see* 28 U.S.C. § 1915A, for failure to state a claim. We affirm the judgment.

---

[*] The defendants were not served with process and did not participate during proceedings in the district court, but they have filed a brief in this court. We have agreed to decide this case without oral argument because the appeal is frivolous. *See* FED. R. APP. P. 34(a)(2)(A).

Between 2006 and 2007, while he was housed at Columbia Correctional Institution, Nicholson enlisted a fellow inmate to draft a complaint claiming that, during a riot at the Tennessee prison, he was sprayed with an excessive amount of a chemical agent and then for several days not allowed to shower to remove the residue. As a result of that incident, Nicholson alleges, he suffers from chemical leukoderma and his skin is permanently discolored. Nicholson gave the other inmate all of his documents related to the incident. But that inmate was transferred to Redgranite Correctional Institution before he finished the complaint, and he took Nicholson's papers along with him. The inmate ignored Nicholson's requests to return the documents, so in late 2007 Nicholson asked a staff member at Columbia to contact authorities at Redgranite to retrieve his materials. This effort yielded the return of 20 out of 200 pages.

Nicholson later concluded that the Redgranite employees sued in this case, Scott Eckstein and Brian Miller, had searched for his papers in the other inmate's cell. Nicholson wrote both Eckstein and Miller asking about the missing documents. Eckstein never responded, but Miller met with Nicholson, who by then had been transferred from Columbia to Redgranite. Miller denied even participating in the search of the other inmate's cell. Nicholson eventually obtained a printout of an e-mail exchange between a Columbia staff member and Eckstein from late 2007 (Nicholson has appended a copy to his appellate brief, and in his submissions to this court he also elaborates on events in Tennessee during 1999). In the e-mail exchange, Eckstein confirms that "property" belonging to Nicholson had been found in the other inmate's cell. Eckstein also copied the Columbia staff member on an e-mail asking a Redgranite employee to inventory, pack, and ship Nicholson's property to Columbia.

That is the factual predicate for Nicholson's accusation—made nearly 9 years later—that Eckstein and Miller kept or destroyed most of his papers found in the other inmate's cell and thus prevented him from suing the persons allegedly responsible for his skin condition. According to Nicholson, the statute of limitations expired on his intended Eighth Amendment claim against those persons while Eckstein and Miller were improperly holding his documents. At screening, though, the district court reasoned that Nicholson's complaint fails to state a claim because, even if the defendants kept the rest of his papers, he was not prejudiced because he could have filed a complaint about the prison riot based on personal knowledge. Nicholson moved for reconsideration, *see* FED. R. CIV. P. 59(e), arguing that he should have been allowed to amend his complaint by adding that the missing papers "contained notes, dates, times, and names of defendants responsible for his injury" and thus were crucial to the

contemplated lawsuit. The district court replied that Nicholson did not need the information in the missing documents to commence a lawsuit; he could have filed a complaint alleging that unknown defendants had caused his injuries and then during discovery learned details about names, dates, and times.

Nicholson's appeal from this decision is frivolous. To state a claim for denial of access to the courts, he needed to plausibly allege that the defendants impeded him from pursuing a legitimate suit arising from the prison riot in Tennessee. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Even if the missing papers include details about the riot and use of a chemical agent, Nicholson did not need those details to file a complaint. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Indeed, Rule 8 requires "notice pleading, not fact pleading." *United States ex rel. Hanna v. City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016). And Tennessee Rule of Civil Procedure 8.01 mirrors the federal rule, requiring only that a plaintiff say enough for the court to conclude that his claim for relief is more than speculative. *See Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426–27 (Tenn. 2011); *Moses v. Dirghangi*, 430 S.W.3d 371, 378 (Tenn. Ct. App. 2013).

Nicholson mistakenly believes that he needed all the facts at his fingertips *before* bringing a lawsuit. As the district court pointed out, he could have used placeholder names for the persons who injured him and identified them after suing. *See Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995); *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010); *West v. Schofield*, 460 S.W.3d 113, 116–17 (Tenn. 2015). Additionally, after filing suit he could have asked the presiding judge for help in identifying the defendants. *See Bryant v. City of Chicago*, 746 F.3d 239, 244 (7th Cir. 2014); *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Discovery also would have been available in federal or state court, so that Nicholson could obtain evidence to support his contentions, including that prolonged exposure to the chemical agent is the cause of his skin condition. *See* FED. R. CIV. P. 26; TENN. R. CIV. P. 26.02.

In fact, our own research discloses that Nicholson already has participated in a lawsuit arising out of the Tennessee riot. *See Winters v. Litscher*, No. 3:00-cv-00318-bbc (W.D. Wis. Oct. 31, 2000). Shortly after that riot, in 2000, he and 26 other Wisconsin prisoners who had been housed at the Tennessee prison on a contract basis joined together in a pro se lawsuit, claiming that unnamed defendants used excessive force during the riot. That lawsuit was filed in the Western District of Wisconsin but transferred to the Western District of Tennessee, where the presiding judge split the

case into separate actions and gave each prisoner an opportunity to dismiss his suit voluntarily without paying the filing fee. *Nicholson v. Blanchett*, No. 1-01-01051-JDT (W.D. Tenn. Feb. 14, 2001). Nicholson chose not to proceed with his action.

There is another obvious hurdle Nicholson faces in plausibly alleging prejudice from the defendants' actions. In his reply brief, Nicholson acknowledges that in 2001 or 2002 he connected his skin condition to the Tennessee prison riot. In § 1983 actions, the statute of limitations is borrowed from "the state where the incident forming the basis of the claim occurred." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 913 (7th Cir. 2000); *see also Cesal v. Moats*, 851 F.3d 714, 721–22 (7th Cir. 2017). For claims arising in Tennessee, the applicable statute of limitations is one year. *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (applying TENN. CODE ANN. § 28-3-104(a)(1)(B)). That would mean that a § 1983 claim against the persons who injured him had expired *years* before 2007, when the defendants allegedly seized and concealed his documents. And given the age of the underlying Eighth Amendment claim, we need not delve further into the staleness of Nicholson's First Amendment claim against *these* defendants.

The district court noted that Nicholson had incurred a strike, *see* 28 U.S.C. § 1915(g), for filing a lawsuit that fails to state a claim. This appeal counts as a second strike.

AFFIRMED.