## G. M. FOGG v. UNION BANK, et al.

1. PRACTICE OF THE SUPREME COURT. *When Court will not remand cause for amendment.* Whether this Court will remand a cause for amendment under ?3170 of the Code is a question to be determined from the record before it, and not otherwise, and an application for this purpose will be refused after final determination of the cause here, where the record discloses culpable negligence in the applicant in its preparation. Thus, where complainants neglected to include certain facts in their cross-bill, of which they had due knowledge at the time, by reason of which a special demurrer was filed by their adversary, pointing out the defective statement of facts therein, and their insufficiency in law to entitle the complainants to the relief sought thereby, and upon appeal here the cause was dismissed for such defects, this Court will not, under such circumstances, remand the cause to enable complainants to amend the cross-bill so as to embrace the omitted facts. In such cases affidavits cannot be looked to.

Cases cited: McCandlass v. Polk & Walker, 10 Hum., 621; Smyth v. Carden, 1 Swan, 28; Stovall v. Bowers, 10 Hum., 560.

2. SAME. *When will not dismiss cause without prejudice.* Nor, under this state of facts will the Court, in the exercise of its sound judicial discretion, dismiss the cause without prejudice.

### FROM DAVIDSON.

No record can be found.

FREEMAN, J., delivered the opinion of the Court.

In this case an affidavit is presented by J. G. Mann, one of the complainants, stating matter of amendment to the bill, and asking that the case be remanded to the Court below for such amendment to be made, or that the bill be dismissed without prejudice.

The original bill of complainants goes on the ground of duress, coercion, and undue influence, and seeks to avoid the payment of the Confederate money by the bank on these grounds. The demurrer was special, pointing out the defects in the allegations of fact, and their insufficiency as a matter of law to entitle complainants to the relief sought. The bill was filed about six years since, and has been pending in this Court for some time.

The matter alleged in the affidavit is, substantially, that after the first notice to Long to come to Memphis and withdraw his deposits, and his visit to Memphis and return home without doing so, that another letter demanding or requiring that he should come down and withdraw his deposits was sent to him. That in this letter he was distinctly threatened with being reported to the military authorities, and arrested if he failed to comply; and that after he went to Memphis the second time he was again threatened with arrest if he did not accept the Confederate notes. It is further stated, however, that this letter is lost or mislaid, but claimed that its contents can be proven by credible witnesses.

The affidavit is sworn to by J. G. Mann as being true " to the best of his knowledge, information and belief."

There has been a class of cases where this Court has remanded the cause to the inferior Court for amendment, in order that the justice of the case might be reached. In all these cases, however, it appeared

from the record before the Court that the ends of justice demanded this course. The principle on which they stand is, that the proof in the record, or the facts therein, show the plaintiff had a good cause of action, but failed in this Court because the same was defectively stated or set out, as in the case of *McCandlass* v. *Polk & Walker*, 10 Hum., 621, where the holder of a bill payable to the order of a certain person, which could only be transferred by endorsement, had failed to allege the fact of endorsement in his declaration. In this case the Court remanded for an amendment. See also *Smyth* v. *Carden*, 1 Swan, 28; *Stovall* v. *Bowers*, 10 Hum., 560.

It is obvious the principle of these cases does not aid the applicants in the case before us. By §3170 of the Code, however, we have the most liberal rule of practice to be found on this subject. It is as follows: "The Court shall also, in all cases where, in its opinion, complete justice cannot be had, by reason of some defect in the record, want of proper parties, or oversight without culpable negligence, remand the case to the Court below for further proceedings, with proper directions to effectuate the object of the order, and upon such terms as may be deemed right." But the parties fail to bring themselves within these provisions.

The Court cannot see that complete justice has not been done in this case from the record before us, and it is the fair construction of the Statute, we may add, that the Court is to form its opinion from the record

before it, and not otherwise. In addition, so far from seeing that the difficulty in this case arises without culpable negligence, it is apparent that it is the most culpable neglect on the part of the complainants that has prevented this matter being made part of the original bill. The facts existed and were in the knowledge of the parties at the time the bill was filed. The demurrer had called attention to the want of the very allegations of fact now sought to be presented. The parties choose to go on to a hearing, have their bill dismissed, and then appeal to this Court, and as a last resort, when the decree is affirmed, they ask for the first time to have an opportunity to make a new case, and commence afresh this litigation, after it had been pending for near six years. This cannot be allowed without palpable violation of the terms as well as the spirit of the Statute which we have cited. We may add, that if we could look outside the record, and consider the affidavit at all, it would be doubtful whether this Court ought to remand under the circumstances. The affiant does not state that the facts do exist of his own knowledge, but that the facts stated "are true, to the best of his knowledge, information, and belief." It may be that he has but very little knowledge on the subject. Besides, the testimony, to-wit: the proof of the contents of a lost letter, after more than twelve years have elapsed, is not of such clear and satisfactory character as, probably to elicit the truth with such certainty as to require that the case should be remanded for its introduction. We do not

think, however, that an affidavit can be looked to in such cases.    It would be to introduce new matter not found in the record, upon which the Court is to form its opinion, and that *exparte* entirely.    In any aspect of the case the application to remand must be disallowed.

As to the application to dismiss without prejudice, we have said, this is not a matter of course, but is a question of sound judicial discretion, to be exercised in view of the facts made out in the case before the Court.

We see nothing in this case as a basis for the exercise of this discretion.    It is proper that litigation should end somewhere, and within some reasonable time, and under the facts found in this record, we can see no reason why this case should be so dismissed, as to allow it to run another round of perhaps five or six years on a mere experiment, such as another suit would probably be.    We can see great danger of gross injustice to other parties in such a course, and it is, therefore, refused.