JNO. T. McEWEN *et als.* v. J. M. GILLESPIE *et als.*

SUPREME COURT. *Practice. Will not remand. When.* The Supreme Court, upon sustaining a demurrer to a bill, will not remand for the insertion of facts known to complainant at the filing of the bill, where the successful cause of demurrer was based on the absence of such facts, and the insufficiency in law of the statements actually made to authorize the relief sought.

FROM HAMILTON.

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

VANDYKE, COOK & VANDYKE for complainants.

KEY & RICHMOND and M. H. CLIFT for defendants.

COOPER, J., delivered the opinion of the court.

The bill in this case was filed by the personal representatives and heirs of W. S. McEwen, deceased, against the personal representative and heirs of J. C. Gillespie, deceased, and the personal representative and heirs of George L. Gillespie, deceased, to have a settlement of the business of George L. Gillespie & Co., a firm composed of W. S. McEwen, J. C. and G. L. Gillespie, and which terminated in the year 1855, and to impound the unpaid purchase money of a tract of land sold by George L. Gillespie, the title to which land the bill avers was taken to the said Geo. L. individually, during the existence of the firm, although bought with the partnership funds. The bill was filed on the 11th of September, 1876, and shows that W. S. McEwen died in 1873. Upon demurrer filed the bill seems to have been amended, but in what respects does not distinctly appear. Upon hearing at this term the demurrer was sustained upon the assignment of lapse of time, and the bill dismissed. An application is now made, unsupported in any way, "to remand the case to the chancery court with leave to amend by proper averments, excusing the delay in filing the bill, if the facts of the case will justify."

It is obvious that to entertain such an application the court would be virtually holding that, in all cases where a demurrer is sustained upon grounds which might be obviated by amendment, the cause will be remanded with leave to amend "if the facts of

the case will justify." But we have already held, in an analogous case, that, upon sustaining a demurrer, this court will not remand for the insertion of facts known to the complainant at the time of the filing of the bill, the demurrer having been based upon the absence of such facts, and the insufficiency in law of the statements actually made to entitle the complainant to the relief sought. *Fogg* v. *Union Bank,* 4 Baxter, 539. A party proceeds at his peril who refuses to amend under these circumstances, and his refusal is, moreover, the strongest possible evidence that his facts do not justify an amendment.

In the case before us, although the bill alleges the payment of partnership debts by complainant's testator, there is no allegation that the testator and intestate of defendants have not also paid debts. And we are thoroughly satisfied that the effort to set up a resulting trust in land by the use of partnership funds, after the lapse of over twenty-one years from the vesting of the legal title in George L. Gillespie, and after the death of all the parties, would be literally hopeless.

The application will be refused.