W & O CONSTRUCTION CO., INC.,
Appellant-Plaintiff,

v.

CITY OF SMITHVILLE,
Appellee-Defendant.

Supreme Court of Tennessee.

Nov. 21, 1977.

T. Eugene Jared, Cookeville (Cameron & Jared, Cookeville, of counsel), for appellant-plaintiff.

McAllen Foutch, Smithville, for appellee-defendant.

OPINION

HARBISON, Justice.

This suit was brought by a contractor to recover extra costs for rock removal under

a building contract with the City of Smithville for the erection of a waste water treatment plant. The Chancellor sustained a motion of the defendant to strike a number of documents exhibited to the complaint and also sustained a motion to dismiss for failure to state a claim upon which relief could be granted. Plaintiff has assigned error to these rulings.

After the case had been briefed and orally argued in this Court, plaintiff tendered a detailed amendment to its complaint, seeking to add a number of material factual allegations and to establish a claim of waiver or estoppel with respect to the controlling contract provisions. Neither waiver nor estoppel was plead in the original complaint, nor were facts alleged tending to establish either of these theories.

■ There is authority for amending pleadings in an appellate court in order to correct technical or formal errors, such as the proper capacity of a party or the designation of a pleading. *See Royal Indemnity Company v. Schmid*, 225 Tenn. 610, 474 S.W.2d 647 (1971); *American National Ins. Co. v. Thompson*, 44 Tenn.App. 627, 316 S.W.2d 52 (1957). Parties may not ordinarily amend pleadings in an appellate court, however, to set up new claims or defenses of a substantive nature, particularly where no application for amendment was made in the trial court. *See McEwen v. Gillespie*, 71 Tenn. 204 (1879); *Fogg v. Union Bank*, 63 Tenn. 539 (1874); *Loftis v. Stuyvesant Ins. Co.*, 54 Tenn.App. 371, 390 S.W.2d 722 (1965).

■ The record in the present case shows that suit was filed on March 12, 1976. Motion of the defendant to strike certain exhibits and to dismiss was filed November 18, 1976. Final judgment on these motions was entered on March 29, 1977. At no time, either prior to or subsequent to the ruling of the trial judge on these motions, does it appear that any amendment to the complaint was offered, despite the fact that the sufficiency of its allegations was directly challenged. Accordingly, we are of the opinion that the motion to amend here, at this stage of the proceedings, to add material factual allegations and theories of recovery is not well taken and should be denied. In reviewing the action of the trial judge, we must consider the complaint as it was presented to him on motion to dismiss. So viewing it, we are of the opinion that his rulings were correct.

This case involved a public works contract, which was let on competitive bidding. On its face, the contract shows that the work was funded in part by grants from a number of federal agencies and from the state. It was bid by plaintiff on a lump-sum basis, not by unit prices or on a cost-plus arrangement. Plaintiff alleged that it was an experienced and well-qualified contractor, having built or enlarged a number of similar sewage treatment plants in the Middle Tennessee area. Exhibited to the complaint were the contract documents and the detailed specifications. Since these represented the foundation of the suit, their provisions were incorporated into and became part of the pleadings and could properly be relied upon by both parties. Rule 10.03 T.R.C.P.

The complaint alleged that in excavating the construction site plaintiff encountered a large quantity of rock which had been unanticipated, and which plaintiff had been led to believe did not exist because of some core drillings done by an engineering firm prior to the letting of bids. The project engineer called attention to these core drillings in the instructions to bidders, but it is clear from the plans and specifications that ultimate responsibility for subsurface conditions rested upon the contractor, not upon the owner or the project engineer.

In the original complaint, plaintiff claimed a breach of paragraph 21 of the General Conditions, which provided that if materially different subsurface conditions were found from those shown on the plans or specifications, the contractor should give notice to the project engineer before the

conditions were disturbed. The contract provided that the engineer would investigate the conditions, and that if he found that these so warranted, he would make appropriate changes in the plans or specifications. Any increase or decrease in cost was to be adjusted as provided in paragraph 17 of the General Conditions. The latter paragraph set out methods of computing additional costs but expressly provided that changes in the work were not authorized without express written approval from the owner.

Paragraph 22 of the General Conditions also disallowed claims for extra work or costs unless done pursuant to written order of the architect, approved by the owner.

No such written order, either prior or subsequent to the removal of rock, was alleged in the complaint, nor were there any allegations that this requirement was waived or that the owner was estopped to rely upon the contract provisions.

■ Generally such provisions in building contracts are valid and binding according to their terms. *See Bannon v. Jackson*, 121 Tenn. 381, 117 S.W. 504 (1908). Such provisions, of course, may be altered, abrogated or waived, but facts showing such modifications must be alleged. *See* 13 Am.Jur.2d, *Building and Construction Contracts* §§ 22–25; Annot., 2 A.L.R.3d 620 (1965) (private building contracts); Annot., 1 A.L.R.3d 1273 (1965) (public contracts).

■ The original complaint alleged that the engineer and owner were notified of the additional rock which had been encountered by plaintiff, but at no point is there any allegation that additional compensation was authorized or agreed upon. Plaintiff apparently performed the contract, was paid the agreed price, and, according to its complaint, only claimed a breach because of non-compliance with paragraph 21 of the General Conditions, above referred to. The complaint alleged that written notice was given to the project engineer. In addition plaintiff sought to attach to the complaint,

without explanation or elaboration, some fifteen letters which passed between plaintiff, the engineer and some of the federal funding agencies over a period from July 1973 to January 1976. It was these letters which were stricken by the trial judge, because the facts which they purported to show were nowhere stated in the complaint, nor were these the documents upon which the claim was founded under Rule 10, T.R.C.P. The complaint merely stated that these documents were "material" to the rock encountered and to the notice given.

■ We are of the opinion that the trial judge correctly sustained the motion to strike these documents. Rule 8.01 requires that the facts upon which a claim for relief is founded must be stated, and this cannot be done simply by exhibiting a series of correspondence without elaboration or comment. The fact that notice was given and that rock was encountered had already been alleged in the complaint, and if these exhibits were material only to support those allegations, they were unnecessary and redundant. *See* Rule 12.06, T.R.C.P.

■ In addition to suing for breach of paragraph 21, however, plaintiff, in a concluding paragraph to the complaint, listed, without elaboration or statement of any factual basis, several other theories of relief, these being subsequent parol amendment to the contract, implied contract, quantum meruit and unjust enrichment. In its appeal brief, plaintiff claims that the foundation for at least some of these additional theories was contained in the exhibited correspondence. Again, however, the manner in which the correspondence purported to show a basis for such claims is nowhere stated in the complaint, and a mere listing of a series of theories of recovery does not, in and of itself, state a cause of action.

Although we are satisfied that the trial judge correctly sustained defendant's motion to strike this correspondence, we have examined the contents thereof. It affirma-

tively shows that no written change order was ever authorized by the owner, or by the federal funding agencies, and that no agreement was ever made by the owner or by any responsible funding agency to compensate the plaintiff for the removal of rock. Indeed, on at least two occasions, officials of the funding agencies pointed out the failure of the contractor to comply with the contract provisions under which a change order might have been obtained and additional compensation authorized.

With or without the stricken material, we are of the opinion that the complaint fails to state a breach of contract in that it fails to show that any written change order was ever obtained, nor are there any facts alleged showing waiver, modification or abrogation of this express contract requirement with which an experienced building contractor, such as plaintiff, must have been familiar.

The judgment of the trial court is affirmed at the cost of appellant.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.