IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 22, 2014 Session

## DIETRICH HILL, ET AL. V. CITY OF MEMPHIS, ET AL.

**Appeal from the Chancery Court for Shelby County**
**No. CH120184      Kenny W. Armstrong, Judge**

---

**No. W2013-02307-COA-R3-CV - Filed December 30, 2014**

---

This case arises out of an investigation by the Memphis police department of a business suspected of selling illegal inhalants. The business owner was arrested and charged with the criminal sale of inhalants. The police seized bank accounts belonging to the owner and two corporations related to the business and instituted forfeiture proceedings regarding the funds in those accounts. The bank account owner and the two corporations filed suit against the city and multiple police officers seeking damages pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988. The trial court granted the city's motion to dismiss for failure to state a claim upon which relief could be granted. In denying the plaintiff's motion to alter or amend, the trial court stated that the amended complaint failed to allege any Fourth or Fifth Amendment violations, the grounds upon which the plaintiffs sought relief. With respect to the only remaining individual defendant, the trial court denied the plaintiffs' motion to amend the first amended complaint, holding, in part, that the existence of adequate post-deprivation remedies precluded any Fourth or Fifth Amendment claims. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and DAVID R. FARMER, SP. J., joined.

August C. Winter, Brentwood, Tennessee, and J. Bennett Fox, Jr., Memphis, Tennessee, for the appellants, Dietrich Hill, Tokens Gifts, Inc. of Tennessee, and Tokens Gifts, Inc. of Oregon.

Allan J. Wade and Brandy S. Parrish, Memphis, Tennessee, for the appellee, City of Memphis

1

John Michael Ryail and Betsy McKinney, Memphis, Tennessee, for the appellee, Althea Atwater.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Dietrich Hill is the owner and operator of Tokens Gifts, Inc. ("Tokens"), a business located in Memphis, Tennessee. The organized crime unit ("OCU") of the Memphis police department conducted an undercover investigation of Tokens for possible violation of Tenn. Code Ann. § 39-17-422, concerning the unlawful sale of inhalants. On February 4, 2011, Mr. Hill was arrested and charged with the criminal sale of inhalants. Based on information seized from the business concerning personal and business bank accounts (belonging to Mr. Hill and to Tokens Gifts, Inc. of Tennessee, and Tokens Gifts, Inc. of Oregon), these accounts were frozen and seized by the police department. Forfeiture proceedings were also initiated regarding the funds in these bank accounts.

Mr. Hill, Tokens Gifts, Inc. of Tennessee, and Tokens Gifts, Inc. of Oregon (hereinafter collectively "the plaintiffs") filed suit on February 6, 2012, against the City of Memphis, and Larry Godwin or Toney Armstrong, Lieutenant Ross, George Monger, Dee Nollner, and Steve Stamson, in their individual and official capacities. They alleged causes of action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

On February 7, 2012, the plaintiffs filed a first amended complaint pursuant to 42 U.S.C. §§ 1983 and 1988 in which they added as defendants Lieutenant Eaton, Sergeant Althea Atwater, and Detective Timothy Goodwin in their individual and official capacities. The first amended complaint omitted as defendants George Monger, Dee Nollner, and Steve Stamson. All of the defendants named in the first amended complaint were eventually dismissed from the case with the exception of the City of Memphis and Sergeant Althea Atwater, the two defendants participating in this appeal. We will, therefore, limit our summary of the relevant case history accordingly. The specific allegations included in the second amended complaint will be set out as relevant below. On July 9, 2012, the city filed a motion to dismiss the first amended complaint pursuant to Tenn. R. Civ. P. 7.02, 12.02(b)(1), and 12.02(6).

On July 20, 2012, the Shelby County Criminal Court issued a decision in the forfeiture case filed by the State of Tennessee against Mr. Hill. The court granted in part and denied in part the state's forfeiture petition. With respect to the funds seized from the two banks, the court found that the state had failed to meet its burden of proof:

2

[N]o testimony was provided about dates and amounts of deposits, dates and amounts of withdrawals, or bank account numbers. Thus, without more, it is impossible to determine if the funds found in the bank accounts are proceeds of, or are traceable to, the illegal sales of nitrous oxide that occurred between December 30, 2010 and January 31, 2011. For these reasons, the State's request for forfeiture of these funds is denied.

The city's motion to dismiss, as well as a motion for summary judgment filed by the plaintiffs, was heard on April 16, 2013. The court's order reads, in pertinent part, as follows:

IT APPEARING to the Court that Plaintiff conceded that his claim under Eighth Amendment of the Constitution of the United States for excessive fines based on the forfeiture proceedings in the criminal court fails to state a claim and that his claims under the Fourteenth Amendment of the Constitution of the United States for selective prosecution and selective enforcement are barred by the doctrine of res judicata as a result of the criminal court's disposition of these claims in a final judgment.

Based on the arguments of counsel and memoranda of the parties, it appears to the Court, without addressing whether Plaintiff has properly pled any claims for unlawful seizure of property and unlawful detention of property,[1] that the existence of statutory post deprivation remedies for recovery of any property seized in connection with the forfeiture proceedings in the criminal court precludes any claims under the due process clause of the Fourteenth Amendment of the Constitution of the United States as a matter of law.

The court granted the city's motion to dismiss. The plaintiffs' motion for summary judgment was pretermitted as moot. The court further decreed that its order be entered as a final order pursuant to Tenn. R. Civ. P. 54.02 since it adjudicated all claims against the City of Memphis.

The plaintiffs filed a motion to alter or amend the court's judgment asserting, in part, that their first amended complaint stated Fourth and Fifth Amendment claims upon which relief could be granted. The court denied the plaintiffs' motion to alter or amend in an order entered on September 9, 2013. In that order, the court noted: "[T]he complaint and amended complaint failed to allege any Fourth or Fifth Amendment violation and . . . such unpled

_____

[1]The plaintiffs explicitly argued that the defendants' seizure of the bank funds violated their rights under substantive and procedural due process in a supplemental response to the defendants' motion to dismiss filed on April 15, 2013, the day before the hearing on the motion to dismiss.

allegations cannot be raised for the first time in a motion to alter or amend judgment." The plaintiffs filed a notice of appeal on October 8, 2013.

Meanwhile, the case against Sergeant Atwater took its own path through the trial court. On September 6, 2013, Sergeant Atwater, individually, along with two other individual defendants, filed a motion to dismiss for failure to state a claim upon which relief could be granted. On September 13, 2013, the plaintiffs filed a motion to amend the first amended complaint with respect to Sergeant Atwater. (The plaintiffs announced their intent not to oppose the motion to dismiss as to the other two defendants.)

On November 19, 2013, the court held a hearing on the individual defendants' motion to dismiss and on the plaintiffs' motion to amend the first amended complaint. In its order entered on December 5, 2013, the court noted that the plaintiffs had stated that "they did not wish to prosecute any Eighth Amendment claims against Officer Atwater for excessive fines, or Fourteenth Amendment claims for selective prosecution or selective enforcement." The court went on to state:

> [T]he existence of post deprivation remedies for recovery of any property seized in connection with the forfeiture proceedings in the criminal court precludes any claims under the due process clause of the Fourteenth or Fifth Amendments of the Constitution of the United States as a matter of law.

> In addition, the Court agrees with Defendants' argument that Plaintiffs' Motion to Amend the Amended Complaint would be futile because it cannot withstand a Rule 12.02(6) motion to dismiss. It appears to the Court that any property seized as a result of the forfeiture warrant was reasonable under the circumstances, and therefore Plaintiffs' proposed Fourth Amendment claim would fail. Further, the Court holds that Officer Atwater is entitled to Qualified Immunity. Not only was there a determination by a judicial commissioner that there was probable cause to seize the funds involved, but a law enforcement officer could reasonably rely on the state forfeiture statute.

The court granted the individual defendants' motion to dismiss and denied the plaintiffs' motion to amend the first amended complaint. The plaintiffs filed their notice of appeal with respect to Atwater on January 2, 2014. The appeals with respect to the City of Memphis and Atwater have been consolidated.

ISSUES ON APPEAL

The plaintiffs argue that (1) the mere existence of post-deprivation remedies does not

preclude their claims for unlawful seizure of their bank accounts and unlawful retention of their funds under the Fourth and Fifth Amendments; (2) the trial court erred in concluding that the first amended complaint failed to present claims for unlawful seizure of property and unlawful retention of property; and (3) the trial court erred in denying their motion to amend the first amended complaint with respect to Sergeant Atwater. In addition to refuting the plaintiffs' arguments, Sergeant Atwater asserts that she is entitled to qualified immunity.

ANALYSIS

City of Memphis

With respect to the City of Memphis, we must determine whether the trial court properly granted the city's motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6), failure to state a claim upon which relief may be granted. We review the trial court's determination regarding the legal sufficiency of the complaint de novo with no presumption of correctness. *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31-32 (Tenn. 2007).

Tennessee Rule of Civil Procedure 12.02(6) permits dismissal of a lawsuit for failure to state a claim upon which relief can be granted. A Tenn. R. Civ. P. 12.02(6) motion to dismiss challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). The motion admits the truth of all averments contained in the complaint but asserts that such facts do not constitute a cause of action. *Id.* In considering a motion to dismiss, courts must liberally construe the complaint, "'presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id.* (quoting *Tigg*, 232 S.W.3d at 31-32). The scope of review following the grant or denial of a motion to dismiss involves a question of law, which we review de novo, without any presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 894-95 (Tenn. 2011).

Tennessee Rule of Civil Procedure 8.01 states that a pleading setting forth a claim for relief "shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief the pleader seeks." Rule 8.05 further states: "Each averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required." If a pleading fails to comply with Tenn. R. Civ. P. 8.01, the pleading is subject to dismissal by a grant of a Tenn. R. Civ. P. 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted. "To be sufficient and survive a motion to dismiss, a complaint must not be entirely devoid of factual allegations." *Webb*, 346 S.W.3d at 427. The complaint must state "'the facts upon which a claim for relief is founded,'" *Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470, 471 (Tenn.1986) (quoting *W & O Constr. Co. v. City of Smithville*, 557 S.W.2d 920, 922 (Tenn.1977)), and must "raise

5

the pleader's right to relief beyond the speculative level." *Abshure v. Methodist Healthcare-Memphis Hosps.*, 325 S.W.3d 98, 104 (Tenn. 2010). Moreover, "allegations of pure legal conclusions will not sustain a complaint" and should not be accepted by the courts as true. *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000); *see also Webb*, 346 S.W.3d at 427. Dismissal pursuant to Tenn. R. Civ. P. 12.02(6) is warranted when the complaint is "totally lacking in clarity and specificity." *421 Corp. v. Metro. Gov't of Nashville & Davidson Cnty.*, 36 S.W.3d 469, 479 (Tenn. Ct. App. 2000).

With respect to Rule 8 of the Tennessee Rules of Civil Procedure, our Supreme Court has stated:

> Tennessee follows a liberal notice pleading standard, which recognizes that the primary purpose of pleadings is to provide notice of the issues presented to the opposing party and court. Our state's notice pleading regime is firmly established and longstanding; this Court recognized well before the Tennessee Rules of Civil Procedure were adopted that "[t]he object and purpose of any pleading is to give notice of the nature of the wrongs and injuries complained of with reasonable certainty, and notice of the defenses that will be interposed, and to acquaint the court with the real issues to be tried."

*Webb*, 346 S.W.3d at 426-27 (citations omitted).

Because the plaintiffs are attempting to hold the city liable for the actions of its employees, we will briefly review the applicable legal principles. Under 42 U.S.C. § 1983, a municipality cannot be held liable solely under principles of respondeat superior for constitutional torts committed by its employees and agents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690-93 (1978). Rather, plaintiffs must prove that: "a municipal policy or policy of inaction was the moving force behind the violation." *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004) (citing *City of Canton v. Harris*, 489 U.S. 378, 379 (1989)). A county can be subject to § 1983 liability "when execution of a government's policy or custom . . . inflicts the injury . . . ." *Monell*, 436 U.S. at 694. If the plaintiffs rely on the city's failure to adequately train its employees, they must prove that such failure amounts to "deliberate indifference" to the rights of people with whom the police come into contact. *City of Canton*, 489 U.S. at 388.

At this point the only two causes of action upon which the plaintiffs attempt to rely are claims under the Fourth Amendment (for unlawful seizure of bank accounts) and Fifth Amendment (for unlawful retention of bank accounts/deprivation of property without due process of law) of the United States Constitution. It should be mentioned that the plaintiffs' first amended complaint does not include the terms "Fourth Amendment," "Fifth

6

Amendment," "unlawful seizure," or "unlawful retention." We are left, therefore, to determine whether the first amended complaint is sufficient to satisfy the notice requirements of Tennessee law with respect to the City of Memphis.

So, we must examine what the plaintiffs pled in their first amended complaint and what reasonable inferences can be drawn therefrom. The allegations in the first amended complaint include, in pertinent part, the following:[2]

1)      Memphis is vicariously liable for the actions or omissions of Detective Timothy Goodwin, Sergeant Atwater, Lieutenant Eaton, Lieutenant Ross and Director Larry Godwin or Toney Armstrong while in the course and scope of their employment or agency via the doctrine of respondeat superior, actual or apparent agent-principal, and employee-employer pursuant to the GTLA. Memphis is directly liable for negligently failing to hire, retain, supervise, or retain [sic] Goodwin, Atwater, Eaton, Godwin, Ross, or Armstrong pursuant to the GTLA. Memphis is liable for the violation of Hill's constitutional rights because it was pursuant to a policy, custom, ordinance, regulation, decision, edict or act of a policymaker in selectively enforcing a forfeiture action against Dietrich Hill, Tokens Gifts, Inc. of Tennessee, and Tokens Gifts, Inc. of Oregon and selectively prosecuting a criminal action against Dietrich Hill individually in violation of the Equal Protection Clause of the XIV Amend when Memphis did not pursue forfeiture against a similarly-situated Caucasian, Michael Shane Trice. Memphis is also liable for the violation of Hill's constitutional rights because it was pursuant to a policy, custom, ordinance, regulation, decision, edict or act of a policymaker in pursuing a grossly disproportionate forfeiture action against Dietrich Hill, Tokens Gifts, Inc. of Tennessee, and Tokens Gifts, Inc. of Oregon in violation of the Excessive Fines Clause of the VIII Amend when Memphis knew that the forfeiture pursued and the amount of funds retained by Memphis in the sum of approximately $277,000.00 were grossly disproportionate. These policies, customs, ordinances, regulations, decisions, edicts or acts of the policymaker under the color of state law were the moving force in the injury to Hill.

2)      Defendant, Sergeant Atwater was at all times relevant to this action acting in the course and scope of his or her employment as sergeant supervisor for the Organized Crime Unit (OCU) for Memphis under the color of state law, and

---

[2]Numbering supplied. These excerpts exclude most passages regarding officers who were eventually dismissed from the case by the plaintiffs since their actions cannot form a basis for liability for the City of Memphis.

in his individual and official capacity as a police sergeant for Memphis.

3)    *Sergeant Atwater authorized the officers of OCU to prepare forfeit paperwork for the entire sum of the funds found in Hill's accounts, approximately [$277,000.00]. Sergeant Atwater had no direct or circumstantial evidence to support that the entire sum or even a substantial portion of the funds were the proceeds of the illegal sale of inhalants or were traceable to the illegal sale of inhalants. . . .* In the alternative, Atwater was the final policymaker by delegation for the forfeiture of Hill's assets and accounts.

4)    Defendants Memphis, its officers, agents and employees committed the above described actions and actions under color of law, substantially depriving Plaintiffs of their rights, privileges, and immunities guaranteed to them in violation of 42 USC § 1983 and deprived Plaintiff of rights guaranteed to him by the Eighth and Fourteenth Amendments of the United States Constitution including, but not limited to, freedom to [sic] grossly disproportionate forfeiture, selective enforcement of forfeiture law, and selective prosecution for criminal inhalants.

5)    Defendants Memphis directly or with deliberate indifference, under the color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of its employees, by failing to enact proper procedures and policies. Defendants have approved, condoned, and ratified the unlawful conduct of its employees and agents. Specifically, Memphis acted in deliberate indifference to Plaintiffs' Eight[h] Amendment rights to be free from grossly disproportionate forfeiture by failing to properly train the Sergeant Atwater and Lieutenant Eaton in the requirements of tracing proceeds of illegal inhalants to the actual funds attempted to be forfeited and the proportion of the maximum fine to the attempted forfeiture. The actions of one or more of Memphis' policymakers in their individual capacity or in their official capacity had a highly predictable consequence the grossly disproportionate forfeiture would injure the Plaintiffs. This action constituted a policy of Memphis. Memphis is liable for this policy of inadequate training by its policymakers as this conduct amounts to deliberate indifference which proximately resulted in injuries to the Plaintiff.

6)    Defendants Memphis, its officers, agents and employees committed the above described actions and omissions under color of law, substantially depriving Plaintiffs of their rights, privileges, and immunities guaranteed to them in violation of 42 USC § 1983 and *deprived Plaintiff of rights guaranteed to him*

8

*by the Eighth and Fourteenth Amendments of the United States Constitution including, but not limited to, freedom to grossly disproportionate forfeiture, selective enforcement of forfeiture law, and selective prosecution for criminal inhalants.*

7)      Defendants Memphis directly or with deliberate indifference, under the color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of its employees, by failing to enact proper procedures and policies. Defendants have approved, condoned, and ratified the unlawful conduct of its employees and agents. Specifically, Memphis acted in deliberate indifference to Plaintiffs' XIV Amendment rights to be free from selective enforcement of forfeiture laws and selective prosecution of criminal inhalant law by failing to properly train, supervise, hire, or retain Detective Goodwin and Lieutenant Ross in the requirements [of] equal protection and selective enforcement and selective prosecution.

8)      As a direct and proximate result of the Defendants liability including negligence, *Monell* liability, supervisory liability, selective enforcement of forfeiture proceedings, grossly disproportionate forfeiture all under the color of the law of the State of Tennessee, Hill has incurred past and future loss of the use of their funds and the interest that could have been earned prejudgment and post-judgment.

(Emphasis added).

In arguing that the first amended complaint sufficiently satisfies the requirements of fair notice with regard to their claims under the Fourth and Fifth Amendments, the plaintiffs point to the following facts set forth therein: The organized crime unit conducted a raid on Mr. Hill's business and arrested him for the criminal sale of inhalants. While searching Mr. Hill, the officers obtained information regarding a number of bank accounts. The plaintiffs further rely on the language italicized in paragraph number three above regarding Sergeant Atwater's authorization of the forfeiture of the bank accounts. The plaintiffs emphasize that they "specifically alleged that this conduct on the part of Atwater was unconstitutional, . . . that Atwater was the final policymaker by delegation, . . . and that the City was liable for the violation of Hill's constitutional rights, because, inter alia, the actions were conducted pursuant to a City policy or custom or because the actions were the act of a policymaker." (Citations to record omitted). The plaintiffs also cite the language of paragraph number six, italicized above, concerning the constitutional rights allegedly violated by the defendants.

According to the plaintiffs' interpretation, these facts and all of the reasonable

9

inferences that can be drawn from them are sufficient to provide notice of their claim that: "Atwater, acting without probable cause and as the policymaker for the City, caused the unlawful seizure of $277,000 of the Plaintiffs' money and a subsequent unlawful detention of those funds in violation of the Plaintiffs' Fourth and Fifth Amendment rights for which Atwater and the City are liable under the Fourteenth Amendment."

We cannot agree. As stated above, in reviewing a motion to dismiss, we must presume "'all factual allegations to be true and [give] the plaintiff the benefit of all reasonable inferences.'" *Webb*, 346 S.W.3d at 426 (quoting *Tigg*, 232 S.W.3d at 31-32). A court should grant a motion to dismiss "'only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" *Id.* (quoting *Crews v. Buckman Labs, Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)). Looking at the facts set forth in the plaintiffs' complaint, we see allegations that Sergeant Atwater authorized forfeiture paperwork for all of the bank accounts (totaling $277,000.00) without direct or circumstantial evidence that the entire sum, or a substantial portion thereof, was proceeds of the sale of illegal inhalants or traceable to the sale of illegal inhalants. The complaint subsequently alleges that the City of Memphis deprived the plaintiffs of their rights and privileges in violation of § 1983 and of the Eighth and Fourteenth Amendments of the United States Constitution "including, but not limited to, freedom [from] grossly disproportionate forfeiture, selective enforcement of forfeiture law, and selective prosecution for criminal inhalants." There is no mention of unlawful seizure or unlawful retention/deprivation of property.

Moreover, to hold the city accountable for the actions of an employee acting under color of state law who violates a person's constitutional rights, the plaintiff must prove that a city policy or policy of inaction was the moving force behind the violation. *Postal Workers Union*, 361 F.3d at 902. While the plaintiffs' complaint includes many of the "buzz words" applicable in § 1983 actions—such as "deliberate indifference" and "moving force," the complaint contains no specific factual allegations regarding a city policy/custom or policy of inaction with respect to unlawful seizures or deprivation of property/unlawful retention of property. All of the allegations regarding policy relate to disproportionate forfeiture, selective enforcement and selective prosecution.[3]

While mindful of the principles of notice pleading, we find ourselves in the position

---

[3]The plaintiffs do not make an argument based on "failure to train" in their brief with regard to the Fourth and Fifth Amendments. The complaint does not allege that the city failed to train officers regarding how to make lawful seizures or how to avoid unlawful deprivation of property. Moreover, the complaint does not contain allegations that the failure to train amounted to deliberate indifference to the rights of those with whom the police come into contact. *See Berry v. City of Detroit*, 25 F.3d 1342, 1346 (6th Cir. 1994).

of having to affirm the trial court's decision on the ground that the plaintiffs' complaint fails to state a claim upon which relief can be granted. The complaint fails to give the city notice of any claims under the Fourth or Fifth Amendment being asserted against it.[4]

## Sergeant Atwater[5]

As outlined above, the trial court heard Sergeant Atwater's motion to dismiss and her opposition to the plaintiffs' motion to amend the first amended complaint on November 19, 2013. The court held that the existence of post-deprivation remedies for the recovery of any property seized precluded any claims under the due process clause of the Fourteenth or Fifth Amendments; that further amendment of the amended complaint would be futile because the amended complaint could not withstand a Rule 12.02(6) motion to dismiss; that any property seized as a result of the forfeiture warrant was reasonable under the circumstances and, therefore, any Fourth Amendment claim would fail; and that Sergeant Atwater was entitled to qualified immunity. The trial court granted Sergeant Atwater's motion to dismiss and denied the plaintiffs' motion to amend the complaint.

On appeal, we are asked to decide whether the trial court erred in denying the motion to amend the complaint. A trial court's decision on a motion to amend a pleading is reviewed under an abuse of discretion standard. *Fann v. City of Fairview, Tenn.*, 905 S.W.2d 167, 175 (Tenn. Ct. App.1994).

Tennessee Rule of Civil Procedure 15.01 provides that leave of court to amend pleadings "shall be freely given when justice so requires." The Tennessee Supreme Court has recognized that the language of Tenn. R. Civ. P. 15.01 "substantially lessens the exercise of pre-trial discretion on the part of a trial judge." *Branch v. Warren*, 527 S.W.2d 89, 91 (Tenn. 1975); *see also Hardcastle v. Harris*, 170 S.W.3d 67, 80-81 (Tenn. Ct. App. 2004). In considering a motion to amend, a trial court is to consider several factors, including "undue delay in filing the amendment, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and the futility of the amendment." *Gardiner v. Word*, 731 S.W.2d 889, 891-92 (Tenn. 1987). When "the legal sufficiency of the complaint is at issue–instead of delay, prejudice, bad faith or futility–the better protocol is to grant the motion to amend the pleading," thereby giving the adversary the chance to test the legal sufficiency of the

---

[4]The plaintiffs also rely on their filing, as an exhibit to their response in opposition to the city's motion to dismiss, of a copy of the final order of the criminal court on the state's petition for forfeiture. This document does not provide notice to the defendants of the plaintiffs' claims against them.

[5]Sergeant Atwater's motion to dismiss relates to the plaintiffs' remaining claims against her in her individual capacity.

11

complaint by filing a motion to dismiss pursuant to Tenn. R. Civ. P. 12.02(6). *Conley v. Life Care Ctrs. of Am., Inc.*, 236 S.W.3d 713, 724 (Tenn. Ct. App. 2007). This court has stated that "when the court grants a motion to dismiss for failure to state a claim, only extraordinary circumstances would prohibit the plaintiff from exercising the right to amend its complaint." *Freeman Indus. LLC v. Eastman Chem. Co.*, 227 S.W.3d 561, 566-67 (Tenn. Ct. App. 2006) (quoting *Richland Country Club, Inc. v. CRC Equities, Inc.*, 832 S.W.2d 554, 559 (Tenn. Ct. App. 1991)).

Despite the liberal view courts must apply when deciding whether a plaintiff may amend a complaint, we have determined that the trial court properly denied the plaintiffs' motion to amend the complaint in this case. The existence of post-deprivation remedies for the seized property precludes any claims under the Fourth or Fifth Amendments of the United States Constitution against Sergeant Atwater.

In *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327 (1986), the Supreme Court recognized that, in certain cases, "the necessity of quick action by the State or the impracticality of providing any meaningful predeprivation process" may mean that the "normal predeprivation notice and opportunity to be heard is pretermitted if the State provides a postdeprivation remedy." *Id.* at 538-39. In such cases, there is no due process violation if adequate state remedies are available to redress a wrong. *Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983). This holding has been extended to claims alleging intentional deprivations of property. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Cases involving money and bank accounts may present the need for quick action because these assets are subject to being moved or hidden. *See Watkins v. Buss*, No. C10-1351-JCC, 2011 WL 2600479, at *10 (W.D. Wash. May 12, 2011); *Durling v. Lungren*, No. C-94-3403 EFL, 1997 WL 33561, at *3 (N.D. Cal. Jan. 17, 1997).

The *Vicory* case held that, in a § 1983 case claiming a deprivation of a property interest without procedural due process, "the plaintiff must plead and prove that state remedies for redressing the wrong are inadequate." *Vicory*, 721 F.2d at 1066. The plaintiffs have failed to plead that the state remedies applicable in his case are inadequate. The proposed second amended complaint contains two pertinent sentences:

> The Judicial Commissioner, in keeping with the submitted forfeiture warrant, ordered that the funds be seized pursuant to Title 40, Chapter 33, Part Two of the Tennessee Code Annotated. Said Title, Chapter and Part of the Tennessee Code Annotated did not provide the Plaintiffs with a meaningful opportunity to recover their property at an early date.

Tennessee Code Annotated section 40-33-201 *et seq.* is not, however, the statutory

12

framework used by the City of Memphis to pursue forfeiture proceedings in this case.[6] Rather, the proceedings in this case were initiated pursuant to Tenn. Code Ann. §§ 39-11-701–717. Moreover, these statutes contain multiple post-deprivation remedies designed to give a property owner the opportunity to seek redress:

- Upon seizure of the property for forfeiture, the seizing agency must deliver a receipt and notice to the owner. This notice "shall state the procedure for obtaining return of the property." Tenn. Code Ann. § 39-11-707(b).
- Within five days, the seizing agency shall request an ex parte forfeiture warrant from a judge authorized to issue a search warrant. This forfeiture warrant must be "based upon proof by affidavit that there is probable cause that the owner's interest in the seized property is subject to forfeiture." If a forfeiture warrant is not issued within five days, the property is to be returned immediately unless it is to be retained as evidence in a criminal proceeding. Tenn. Code Ann. § 39-11-707(c).
- If, after 30 days from the seizure of the property, no forfeiture action has been initiated, the owner "may petition the chancery court . . . for return of the property seized . . . ." The district attorney general shall be served with a copy of the petition. If no civil forfeiture is commenced within 30 days after the attorney general has been served with the petition, the court shall order that the property be returned. Tenn. Code Ann. § 39-11-709(b).
- The attorney general has the discretion to direct that the property be returned "upon a determination that forfeiture proceedings would be without merit." Tenn. Code Ann. § 39-11-709(c).
- Once the forfeiture action has been filed, the owner may file a motion for the state to show cause why the property should not be returned. The court shall conduct a hearing on the motion within 21 days of its filing. If the court finds that the state has failed to prove a probability of success on the merits, it will order that the property be returned. Tenn. Code Ann. § 39-11-709(d).
- A hearing and determination on the issue of forfeiture as soon as practicable (no more than five years from the conduct giving rise to the forfeiture) with the burden on the state to prove by a preponderance of the evidence that the property is subject to forfeiture. Tenn. Code Ann. § 39-11-708(c).

In light of the statutory mechanisms available, we find no merit to the plaintiffs' due process claims. There are adequate post-deprivation remedies available to the plaintiffs for the recovery of the seized property pursuant to the forfeiture statutes. We, therefore, affirm the trial court's decision to deny the plaintiffs' motion to amend the complaint. In light of

---

[6]Tennessee Code Annotated section 40-33-201 *et seq.* follows an administrative model. *See Jones v. Greene*, 946 S.W.2d 817, 822 n.22 (Tenn. Ct. App. 1996).

this conclusion, all other issues are pretermitted.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed against the appellants, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE