FILED
Jun 10, 2019
12:12 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD
### (HEARD MAY 31, 2019, AT KNOXVILLE)

| | |
|---|---|
| Barbara Bauknecht | ) Docket No.  2018-06-2365 |
| | ) |
| v. | ) State File No. 50910-2018 |
| | ) |
| Five Star Quality Care, Inc. d/b/a | ) |
| Morningside Assisted Living, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

---

## Affirmed and Remanded

---

In this interlocutory appeal, the employee petitioned the trial court to compel the employer to authorize certain medical treatment as recommended by the treating physician.  The employer, citing a utilization review denial, declined to authorize the treatment.  Following an expedited hearing, during which the trial court excluded from evidence the affidavit of the Bureau of Workers' Compensation's Medical Director, who purportedly agreed with the utilization review denial, the trial court issued an order compelling the employer to authorize the requested treatment.  The employer has appealed.  Although we disagree with certain findings of the trial court, we conclude these findings amounted to harmless error under the circumstances of this case.  Therefore, we affirm the trial court's decision and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Kenneth D. Veit and Carolina V. Martin, Nashville, Tennessee, for the employer-appellant, Five Star Quality Care, Inc. d/b/a Morningside Assisted Living

Stephan Karr, Nashville, Tennessee, for the employee-appellee, Barbara Bauknecht

## Factual and Procedural Background

Barbara Bauknecht ("Employee") was employed by Five Star Quality Care, Inc. d/b/a Morningside Assisted Living ("Employer") as a resident assistant.  On July 4, 2018,

1

Employee reported suffering a back injury while lifting a resident. Employer accepted the compensability of this accident and provided certain workers' compensation benefits, including authorized medical treatment with Dr. Edward Mackey.

On October 24, 2018, during Employee's first visit with him, Dr. Mackey diagnosed "stenosis and disc protrusion" at L4-L5 and stated, "I do not believe that nonoperative management will be successful." As a result, he recommended a "decompressive laminectomy and fusion." In response, Employer submitted the treatment recommendations to its utilization review provider, which recommended denial of the requested treatment. Upon appeal to the Bureau of Workers' Compensation's Medical Director's office, the Assistant Medical Director agreed with the denial.[1] Thereafter, Employee filed the current petition seeking an order compelling Employer to authorize the recommended treatment.

During the course of the expedited hearing, Employer attempted to introduce an affidavit from the Bureau's Medical Director purportedly discussing the utilization review denial. However, because the proposed affidavit did not comply with Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(b) (2018), which requires a party responding to a request for expedited hearing to submit all documents "no later than ten (10) business days before the date of the expedited hearing," the trial court excluded the affidavit. Later, during closing arguments, Employer's counsel began discussing the utilization review denial. After the trial court noted there was no proof of such a denial in the record, Employer's counsel stated that the utilization review report had been attached to a prior pleading. Employer's counsel also attempted to introduce the utilization review report into evidence. The court declined to accept this evidence because Employer had already closed its proof.

Following the expedited hearing, the trial court entered an order requiring Employer to authorize the treatment recommended by Dr. Mackey. It noted that Employer had presented no medical evidence in opposition to Dr. Mackey's recommendations. It also noted Employer's unsuccessful attempt to introduce the affidavit of the Bureau's Medical Director. Employer has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give

---

[1] Neither Employer's utilization review report nor the subsequent report of the Medical Director's office was admitted into evidence during the expedited hearing. We have gleaned these facts from the Petition for Benefit Determination and Employee's affidavit, admitted into evidence as Exhibit 1.

considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2018).

## Analysis

Tennessee Code Annotated section 50-6-102(20) (2018) defines utilization review as the "evaluation of the necessity, appropriateness, efficiency and quality of medical care services." Section 50-6-124 instructs the Administrator of the Bureau of Workers' Compensation to "establish a system of utilization review" and, in subsection (f) of that statute, the legislature expressed its intent to "ensure the availability of quality medical care services for injured and disabled employees."

The regulations governing utilization review provide that an adverse decision made by an employer's utilization review agent may be appealed to the "Bureau or its designated contractor." Tenn. Comp. R. & Regs. 0800-02-06-.07(1) & (2) (2017). Presently, such appeals are handled by the office of the Bureau's Medical Director. *Id.* The regulation further provides that "[t]he determination of the Bureau or its designated contractor is final for administrative purposes." Tenn. Comp. R. & Regs. 0800-02-06-.07(2)(a). Moreover, such a denial "is effective for a period of 6 months from the date of the determination as set forth in rule 0800-02-06-.06(7)." Tenn. Comp. R. & Regs. 0800-02-06-.07(5).

In the event a party disagrees with the Medical Director's determination, "then the aggrieved party may file a Petition for Benefit Determination (PBD) with the Court of Workers' Compensation Claims within seven (7) business days of the receipt of the determination to request a hearing of the dispute in accordance with applicable statutory provisions." Tenn. Comp. R. & Regs. 0800-02-06-.07(6). If the petitioner requests an expedited hearing to address the utilization review denial, then the burden is on the petitioner to show that he or she would likely prevail at trial in establishing the medical necessity of the recommended treatment. Tenn. Code Ann. § 50-6-239(d)(1). There is a rebuttable presumption that treatment recommended by an authorized provider is medically necessary to treat the work injury. Tenn. Code Ann. § 50-6-204(a)(3)(H). Under such circumstances, the burden shifts to the employer to rebut this presumption.

3

In the present case, there is no dispute that treatment recommended by the authorized physician was submitted by Employer for utilization review. There is no dispute that Employer's utilization review agent recommended non-authorization of the prescribed treatment. There is no dispute that this decision was appealed to the Medical Director's office and that the Assistant Medical Director agreed with the denial. These facts were admitted in Employee's petition. Moreover, Employee testified in her affidavit, introduced during the hearing as Exhibit 1, that "Dr. Mackey recommended surgery which was denied by Utilization Review and Dr. Talmage with the State Medical Director[']s office agreed with their decision." Thus, it was not fatal to Employer's defense that neither Dr. Talmage's letter agreeing with the utilization review denial nor Dr. Snyder's affidavit were not properly admitted into evidence because these facts were not in dispute. Instead, the pertinent legal questions are: (1) whether Employee came forward with enough evidence to show a likelihood of prevailing at trial on the issue of medical necessity; and (2) whether Employer came forward with sufficient evidence to rebut the presumption of medical necessity accorded the opinion of the authorized physician.

Employer argues that the utilization review report had been attached to Employer's petition and, pursuant to Rule 10.03 of the Tennessee Rules of Civil Procedure, should have been included as an exhibit in the technical record and considered by the trial court in support of Employer's defense. The rule provides that "[w]henever a claim or defense is founded upon a written instrument other than a policy of insurance, a copy of such instrument . . . shall be attached to the pleading as an exhibit . . . [and] shall be part of the pleading for all purposes." Tenn. R. Civ. P. 10.03 (2018). For example, the Tennessee Supreme Court has noted in a case involving public works contracts, copies of which had been attached to the complaint, that "[s]ince these represented the foundation of the suit, their provisions were incorporated into and became part of the pleadings and could properly be relied upon by both parties." *W & O Construction Co. v. Smithville*, 557 S.W.2d 920, 921 (Tenn. 1977).

However, in the circumstances of this case, we find Employer's reliance on Rule 10.03 to be misplaced. Employee's claim for benefits was not "founded upon a written instrument." Instead, her claim was founded upon the surgery recommendation of the authorized treating physician, which was evidenced by Dr. Mackey's properly-admitted medical records. If Employer sought to rely upon a written instrument as the foundation of its defense, it had the burden of offering that written instrument into evidence in an admissible form. Here, it failed to do so.

It is within this legal framework that we assess the trial court's order compelling Employer to authorize the treatment recommended by Dr. Mackey, the authorized physician. We start with the presumption that such treatment is medically necessary in accordance with Tennessee Code Annotated section 50-6-204(a)(3)(H). The question then becomes whether Employer came forward with sufficient evidence to rebut the

4

presumption. In its effort to do so, Employer attempted to rely on a utilization review report that was never offered into evidence at the expedited hearing. It also sought to introduce an affidavit from the Medical Director, but did not comply with Rule 0800-02-21-.14(1)(b).[2] Under these circumstances, we find no abuse of discretion in the trial court's decision to exclude the report and affidavit.

However, we respectfully disagree with the trial court's statements during the expedited hearing suggesting there was no evidence of the utilization review denial before it. As we have noted, these facts were admitted in both Employee's petition and in her affidavit. Therefore, the trial court should have considered that the recommended treatment had been submitted for utilization review, that Employer's utilization review agent had recommended denial of the treatment, and that the Bureau's Assistant Medical Director had agreed with that decision. The question then is whether these facts, standing alone, were sufficient to rebut the presumption of medical necessity attributable to Dr. Mackey's recommended treatment. Since Employer's utilization review report, Dr. Talmage's letter agreeing with that report, and Dr. Snyder's affidavit were never properly introduced as evidence at the expedited hearing, we conclude Employee's acknowledgments regarding the utilization review denial and Dr. Talmage's agreement with it, standing alone, did not rebut the presumption of medical necessity. Therefore, the trial court's refusal to consider such facts amounts to harmless error under the circumstances of this case. As a result, we agree with the trial court's determination that Employee met her burden of showing a likelihood of prevailing at trial on this issue.

## Conclusion

For the foregoing reasons, the trial court's order compelling medical treatment is affirmed, and the case is remanded. Costs on appeal are taxed to Employer.

---

[2] Employer did not seek to make an offer of proof during the course of the hearing with respect to the utilization review report, Dr. Talmage's letter, or Dr. Snyder's affidavit.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Barbara Bauknecht | ) | Docket No. 2018-06-2365 |
| | ) | |
| v. | ) | State File No. 50910-2018 |
| | ) | |
| Five Star Quality Care, Inc. d/b/a | ) | |
| Morningside Assisted Living, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 10th day of June, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Stephan D. Karr | | | | | X | steve@flexerlaw.com monica@flexerlaw.com |
| Carolina Martin | | | | | X | carolina.martin@leitnerfirm.com |
| Kenneth D. Veit | | | | | X | kenny.veit@leitnerfirm.com |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov